**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 29, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BO CHENG FENG,

Defendant-Appellant.

No. 10-3010
(D.C. No. 5:05-CV-40095-JAR-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

---

Defendant Bo Cheng Feng pleaded guilty to conspiracy to distribute controlled substances, namely cocaine, ecstasy, methamphetamine, and marijuana, in violation of 21 U.S.C. §§ 812, 841(a) and (b)(1)(A), and 18 U.S.C. § 2. He was sentenced to 144 months' imprisonment, as agreed to by the parties in the plea agreement. Mot. to Enforce, Attach. at 11. Pursuant to the plea agreement,

---

[*]    This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Feng waived "any right to appeal or collaterally attack any matter in connection with this prosecution, [his] conviction, or the components of the sentence to be imposed herein . . . " unless the court "depart[ed] upwards from the applicable sentencing guideline range determined by the court." *Id*. at 13-14. The sentence was within the applicable guideline range determined by the court.

Notwithstanding his appeal waiver, Mr. Feng filed a notice of appeal seeking to challenge his sentence. In response, the government has filed a motion to enforce the appeal waiver in the plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam). Mr. Feng's attorney filed a response stating her belief that there are no meritorious grounds upon which Mr. Feng can appeal his sentence or urge denial of the government's motion to enforce the appeal waiver, and that it was her intention to file an *Anders* brief in this matter. *See Anders v. California*, 386 U.S. 738, 744 (1967) (authorizing counsel to request permission to withdraw where counsel conscientiously examines a case and determines that an appeal would be wholly frivolous). This court gave Mr. Feng an opportunity to file a pro se response to the motion to enforce, *see id.*, but to date, he has not responded.

Under *Anders*, we have conducted an independent review and examination of the motion to enforce. *See id.* This court will enforce a criminal defendant's waiver of his right to appeal so long as the following three conditions are met: (1) "the disputed appeal falls within the scope of the waiver of appellate rights,"

(2) the defendant's waiver of his appellate rights was knowing and voluntary, and (3) enforcing the waiver will not result in a miscarriage of justice. *Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004). We have reviewed the plea agreement, the transcripts of the plea and sentencing hearings, and the response from Mr. Feng's counsel, and we conclude that the *Hahn* factors have been satisfied.

Accordingly, we GRANT the government's motion to enforce the appeal waiver in the plea agreement, and DISMISS the appeal.

ENTERED FOR THE COURT
PER CURIAM